UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SUNRISE HOSPITALITY VI, LLC        CIVIL ACTION NO. 23-cv-182

VERSUS        JUDGE DONALD E. WALTER

D I CONSTRUCTION, LLC, ET AL        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Sunrise Hospitality VI, LLC owns a hotel in Ruston, Louisiana.  Sunrise claimed in an arbitration proceeding that various contractors who performed work on the hotel were at fault in connection with damages and necessary repairs.  An arbitration panel made an award in favor of Sunrise.

DI Construction, LLC, one of the contractors, has filed with the court a motion to modify, correct or vacate the arbitration award.  A federal court, in determining whether it has jurisdiction to decide an application to confirm, vacate, or modify an arbitral award, looks only to the application submitted to the court;  it does not look through the application to the underlying substantive controversy between the parties.  Badgerow v. Walters, 142 S.Ct. 1310 (2022).  If jurisdiction exists, review is quite limited.  Jones v. Michaels Stores, Inc., 991 F.3d 614 (5th Cir. 2021) (manifest disregard of the law is not an independent ground for setting aside an award; court must look only to the statutory grounds).

DI addresses jurisdiction at pages 6-8 of its memorandum in support of its motion. DI asserts that the court has jurisdiction based on diversity of citizenship, which is governed by 28 U.S.C. § 1332.  The amount in controversy element appears to be satisfied.

The arbitration panel made an award that totaled more than $2 million, and DI's that commenced this action asks the court to set aside more than $75,000 of that award.

With respect to citizenship, DI alleges that it is an LLC with two members, individuals who are domiciled in Georgia and Indiana.  It alleges that other contractor-side parties to the arbitration were Dimensions, Inc. (incorporated in Indiana with its principal place of business in Indiana) and Anatole Exteriors (incorporated in Tennessee with its principal place of business in Tennessee).

On the other side of the dispute, DI properly recognizes that the citizenship of Sunrise Hospitality VI, LLC is based on that of its members.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).  DI alleges with respect to Sunrise, "Pursuant to the Louisiana Secretary of State, the members include" various persons or LLCs.  The membership in the various LLCs and a related limited partnership are then said to include certain persons, again based on records of the Louisiana Secretary of State.

The records filed with the secretary of state do not always list all members, and they are not routinely updated as membership may change over the years.  It is the citizenship of Sunrise at the moment this civil action was commenced that is relevant to determining whether DI can establish diversity jurisdiction.  DI may not have access to the internal records of Sunrise necessary to allege those facts with specificity.  Accordingly, DI is directed to promptly serve Sunrise and any other parties that are to be brought into this action.

**Sunrise, when it makes its first appearance, is ordered to file a diversity disclosure statement in compliance with Federal Rule of Civil Procedure 7.1(a)(2).** The statement must name and identify the citizenship of every individual or entity whose citizenship is attributed to Sunrise.  The rules for alleging citizenship of the various members can be found in <u>Rodidaco</u> and cases cited therein.  **DI and all other parties are similarly directed to file a diversity disclosure statement as required by the recent amendment to Rule 7.**  Once all relevant parties have filed a statement, the court will assess whether there is a basis for subject matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of February, 2023.

Mark L. Hornsby
U.S. Magistrate Judge